L. L. FOSTER, APPELLEE, V. J. C. HARTMAN, APPELLANT.

FILED APRIL 11, 1930.   No. 26973.

*Bernard McNeny* and *Thomas Robertson,* for appellant.

*Byrum & Thompson, contra.*

HEARD before GOSS, C. J., ROSE, GOOD, THOMPSON, EBERLY and DAY, JJ., and FOSTER, District Judge.

GOOD, J.

This action arose in the county court wherein plaintiff

filed a claim against the estate of Harold O. Pettite, a minor, for the sum of $1,061, for board, clothing and other items alleged to have been furnished to such minor. To this claim objections were filed by Hartman, the guardian. On hearing, the county court disallowed the claim. Plaintiff appealed to the district court and therein filed a petition in which he alleged, for his cause of action, that he had entered into an oral agreement with the guardian of the minor, by the terms of which plaintiff was to clothe and board the minor and send him to school until he had finished the high school course, and for his compensation the minor was to work for plaintiff until the minor had attained his majority. Plaintiff further alleged that after the minor had attained the age of 17 years and had finished the high school course he had, at the instance of his guardian, left plaintiff's home and employment and refused to carry out the contract.

That the cause of action set out in the petition in the district court is materially different from the claim filed in the county court is clearly apparent. The claim filed in the county court was one upon account. The petition in the district court is for damages for breach of contract. So far as the record discloses, that question was not brought to the attention of the district court. Issue was joined upon the petition, trial had, and verdict rendered in favor of plaintiff for $1,061, on which judgment was entered. The guardian brings the cause to this court to review the judgment.

That the verdict is not sustained by sufficient evidence and that the judgment is contrary to law are the only errors assigned that need be considered.

From the record it appears that plaintiff and the guardian entered into a written contract whereby plaintiff, for a stipulated sum, was to board and clothe the minor until he had attained the age of 12 years. This contract was carried out and the agreed compensation paid. Plaintiff's evidence tends to show that shortly after the minor became 12 years of age a further oral agreement was entered into between

plaintiff and the guardian, by the terms of which the minor was to remain in the home of the plaintiff, who was to clothe and send the minor to school until he had completed the high school course, and that for his compensation plaintiff was to retain the control and custody of the minor and have the benefit of his services until he had attained the age of 21 years. The guardian denies that he made any such oral agreement.

Conceding that such an agreement was made, let us examine the evidence to see if it is sufficient to support the verdict. The only evidence offered by plaintiff as to the amount that he should recover for the breach of the alleged contract is what he claims was the value of the board, clothing and other items which he furnished to the minor during the time that he was attending high school. If such a contract was made and if it is valid, the measure of plaintiff's recovery would be the value of the minor's services from the time he left the plaintiff's home until he attained his majority, less the reasonable cost of the minor's board and clothing. There is no evidence as to the value of such services or the cost or expenses of the minor's board and clothing during such period. The evidence is wholly insufficient to support any recovery.

A more serious question is presented, namely: Did the guardian have any power to make the alleged oral contract? Section 8265, Comp. St. 1922, so far as applicable, provides: "No person, other than a parent, shall place out, or give the care and custody of, any child, to any person or association, other than temporarily, unless such person shall be duly licensed by the department of public welfare under such rules and regulations as said department shall prescribe."

The contract would require the minor to perform, for a period of four years, services for the plaintiff without any designation as to the character of the labor to be performed, and would create a condition quite analogous to that known as peonage, which is denounced by the law of the nation. It would require four years of servitude to pay for the minor's board, lodging and clothing that had been previous-

ly furnished while he was attending high school. Whether such a contract would, strictly speaking, create a condition of peonage, it is unnecessary to determine. In any event, we are convinced that such a contract is not only forbidden by statute but is contrary to sound public policy, and is therefore void. Damages may not be recovered for the breach of a void contract.

The judgment of the district court is therefore reversed and the action dismissed.

REVERSED AND DISMISSED.